IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY LLOYD,                          *
           Petitioner,

      v.                                *   CIVIL ACTION NO. JKB-16-2159

J. PHILIP MORGAN,                       *
           Respondent.
                        *****

MEMORANDUM

On June 16, 2016, the court received a petition for writ of habeas corpus from Anthony Lloyd (hereinafter referred to as "Lloyd"), who is confined at the Maryland Correctional Training Center in Hagerstown, Maryland. ECF 1. Lloyd claims that his state court criminal conviction was overturned by the state post-conviction court, and he has remained in state custody awaiting re-trial. ECF 1. Lloyd was directed to supplement his petition, which he has done. ECF 2 & 3. Because he appears indigent, his motion for leave to proceed in forma pauperis (ECF 4) shall be granted. His cause of action, however, construed as a hybrid 28 U.S.C. § 2241 petition and 42 U.S.C. § 1983 complaint, shall be summarily dismissed.

Lloyd states that on February 23, 2015, post-conviction relief was granted and his conviction vacated. Thereafter, his attorney wrote to Assistant States Attorney Garrett Glennon advising him to make arrangements for Lloyd to be transported from the state Division of Correction facility to the Baltimore County Detention Center so a pretrial bail hearing could be held. Lloyd states that he has not been transferred, nor has a bail hearing been held. He complains that he should have been transferred to the detention center and provided a bail hearing while awaiting his retrial. ECF 3, pp. 5 & 6. Lloyd alleges that Glennon has engaged in prosecutorial misconduct and legal malpractice by not having him transferred. *Id*., p. 6.

The Maryland Judiciary Case Search website confirms that on April 13, 2009, Lloyd was charged in the Circuit Court for Baltimore County with robbery. *See State v. Lloyd*, Criminal No. 03K09001918 (Circuit Court for Baltimore County); *see* www.casesearch.courts.state.md.us/inquiry. On or about January 5, 2010, Lloyd pled guilty. He was sentenced on March 26, 2010, to a 25-year term of incarceration to be served without parole. As a result of post-conviction proceedings, the criminal judgment was vacated. *Id*. Lloyd's trial is currently scheduled for October 3, 2016. *Id*.

To the extent that Lloyd seeks federal court intervention in his pending state criminal re-trial, his case is construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and dismissed. In the absence of extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam). In the pre-trial context, federal courts must abstain from exercising jurisdiction over a claim that may

be resolved through trial on the merits or by other state procedures available for review of the claim.  *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-90 (1973).

Further, pre-trial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review.  *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987).  While the phrase "special circumstances" lacks any definition, courts have looked to whether procedures exist that would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. De Young,* 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.; see also Drayton v. Hayes,* 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pre-trial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial).  Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore,* 515 F.2d at 449.

Additionally, Lloyd's claim regarding his bail status is subject to the exhaustion requirement of 28 U.S.C. § 2254(b).   The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241.  *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."). Thus, before filing a federal habeas petition, a petitioner must exhaust each claim presented by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U.S. 509, 521 (1982).   The claim must be fairly presented to the state courts; this means presenting

both the operative facts and controlling legal principles.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).   Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals.   *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  Although federal courts can review state bail orders through habeas corpus after exhaustion of state remedies, federal intervention in this discretionary determination is rare, and federal courts cannot require that state courts give reasons for the denial of bail.  *See Jenkins v. Harvey*, 634 F.2d 130, 132 (4th Cir. 1980). Thus, while Lloyd has not yet exhausted his bail claim, it appears unlikely that he would prevail on this issue even if entitled to adjudicate the claim in this forum.

Because the habeas corpus claims presented here have not been exhausted in the state courts, the instant action is premature. When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Lloyd has not made the required showing and no certificate of appealability shall issue. A separate order follows.


Date: August 24, 2016                    _____/s/_____
                                         James K. Bredar
                                         United States District Judge

4